■ DILBERT'S QUALITY SUPERMARKETS, INC. v. MARTIN BRUCE et al.— Motion to strike part of the notice of appeal denied, without prejudice, however, to a renewal of the motion upon the argument or submission of the appeal. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ In the Matter of HELEN RATZ, Deceased. ADOLPH RATZ; JOSEPH ROSS et al.— Motion for stay granted on condition that the appellant, within 10 days after the entry of the order entered herein, file with the Clerk of the Surrogate's Court a surety company bond in the amount of $5,000 to secure payment of the amount, if any, directed to be paid by the appellant under the final order in the discovery proceeding, and on the further condition that the appellant procures the appellant's points to be served and filed on or before March 15, 1960, with notice of argument for the April 1960 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, J.J.

■ MARGARITA R. LLAMOS et al., v. PEDRO VICENTE et al.— Motion granted insofar as to permit the appeal to be heard on the original record, without printing the same, and upon typewritten or mimeographed appellants' points, on condition that the appellants serve one copy of the typewritten or mimeographed appellants' points on the attorney for the respondent, and file 6 typewritten or 19 mimeographed copies of appellants' points, together with the original record, with this court on or before March 31, 1960, with notice of argument for April 12, 1960, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ J. MARKS & BRO., INC. v. SEVENTY-SECOND STREET PROPERTIES, INC., et al.— Motion for stay, pending an appeal, of proceedings for foreclosure of mechanic's lien is granted except the defendant owner will appear for examination before trial on March 15, 1960, at Special Term, Part II, or at such other time and place as counsel for the parties may agree upon. The stay is granted on condition that appellant cause the appeal to be perfected on or before March 31, 1960 with notice of argument for April 12, 1960. Since the moving papers fail to show that the owner has fully discharged his obligations to the general contractor, the stay is granted only on the further condition that the mechanic's lien of the plaintiff be bonded within five days, after service of the order herein with notice of entry, if the owner has not already done so. No apparent prejudice will result to the pending arbitration proceeding between the owner and general contractor if the examination before trial is permitted to proceed. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ MAX J. LE BOYER v. BENJAMIN MARGOLIS et al.— Motion to dismiss appeal denied with leave to renew if the appellants, within 30 days after the entry of this order, do not make an application to this court, pursuant to section 107 of the Civil Practice Act to supply the omission in the filing of the notice of appeal with the Clerk of the Supreme Court. Concur — Botein, P. J., Breitel, McNally, Stevens and Bastow, JJ.

■ VICTOR LA MONTE, v. JOE SMITH, as Treasurer of American Guild of Variety Artists, et al.— Motion for stay granted to the extent of continuing the stay contained in the order to show cause, dated February 16, 1960, pending the hearing and determination of the appeal, upon the conditions contained in said order to show cause. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.